Judge Owsley
delivered the Opinion of the Court.
Some time early in the spring of 1790, William Hoy, having previously made his last will and testament, departed this life. The will was afterwards proved and admitted to record in the county court of Madison county, and John South, Rowland Hoy and Richard Tunsfall, the executors named therein, took upon themselves the execution of the will, by appearirg in court and executing bond with security, as required by Jaw, &c.
An inventory and appraisment of the estate was returned to ‘lie county court by the executors, together with a bill of the property sold by them. Commissioners were appointed to adjust and settle the accounts of the executors, and after having performed the duty assigned them, their report was returned to court and ordered to be recorded.
According to this settlement, the executors were nothing in arrears to the estate, bat as it was ex-parte, Jones Hoy, Wíiüam Hoy, Lawrence Flournoy and Theodocia his wife, John Dejarnett and Parhania his wife, John New!end and Celia his wife, Hugh Brown and ICezia, his wife, and Nancy Hoy, devisees and heirs of William Hoy, deceased, exhibited their bill in equity, for the purpose of obtaining a further settlement of the accounts of the estate, and to recover their respective proportions of what might, on a correct adjustment of the accounts, be ascertained to he due them. The bill, and amended bills. Contain a specification of the various items in which the seUlemenf, by the commissioners appointed by the roimiy court, is alleged to he inaccurate, and make John South, and Rr hard Tuustall, oxocutois earned in the wi'i of William Hoy, deres-sed, (Row hind Hoy, the other executor, having previously died intestate.) and their suri ties. *89 together with the testator’s widow, Sarah and her husband Edward Brown, defendants.
Suit dismissed as to sureties.
Bill taken pro confesso, against Brown and wife.
South answers-, & dies, and Hie suit revived against bis heirs.
Interlocutory decree, and commissioners appointed on the accounts.
Commissioners’ report.
It appears that the wife, of John Booth and Rowland Ifoy were both children of the testator William Hoy, and that they, together with tiie complainants, compose all of the testator’s children and heirs.
By the order of the complainants, the suit was afterwards dismissed as to the sureties of the executors in their executor’s bond.
The executors, John South and Richard Tun-stall answered the bill, but there was no answer put in by Brown and wife, though process was regularly served upon them, ami As to them the bill was taken for confessed.
After having answered the bill, John South departed this life, and an order was made reviving the suit in the name of his children and heirs, the most of whom were infants. A guardian ad litem was appointed to defend for the infants, who, accordingly, appeared and filed an answer,* and the process which issued upon the order of revival against the adult heirs of South, was regularly-served upon all of them but one, and as to that one, the suit was abated by his death.
It moreover appears that, after this, (he parties appeared, and the cause was heard by live court, and an interlocutary decree, settling the principles involved in the contest, was pronounced, and commissioners appointed to make out and report a statement of the accounts in pursuance thereto.
The commissioners accordingly adjusted the accounts, and made a report thereof to court. By this report, the executors of William Hoy deceased, were made debtors to the estate, one thousand and fourteen pounds, four shillings and a penny half penny, after crediting them with three ho ml red and ninety-one pounds, eighteen shillings and fourpence three farthings, for the one third of the personal estate, to which the commissioners conceived the widow of Hoy was entitled, but for which there could be no decree against the executors, she not being a complainant, or in any other way asserting her claim against them.
Decroo of (lio circuit court against (lie heirs of South.
fi it do not appear in the cause, (the Jegatocs and distributees against the executor?,) the widow liad renounced tiie provisions for her in the will, her reasonable part shall not no deducted .'rom the le?acies.
On a final hearing of the cause, the court approved of the report of the commissioners, with the exception of the sum of two hundred and twenty-four pounds, eighteen shillings and tenpcnce, charged by the commissioners for fhepriceof a slave called Dick, and two bonds with interest, and which was thought by the court ought to be deducted from the amount reported against the executors. After deducting that charge, there remained a balance of seven hundred and eighty-nine pounds, five shillings and three pence half penny, which the heirs of John South (he having, without the aid of the other executors, had the management of the estate,) were decreed to pay to the complainants, in the following proportions, to-wit: to Jones Hoy, the sum oí seventy-six pounds, seven shillings ami sixpence three farthings; to Lawrence Flournoy and Theodocia his wife, one hundred and twelve pounds, fifteen shillings and three farthings; to Willi am Hoy, one hundred and twelve pounds, fifteen shillings ami three farthings; to John .Dejarnett and JParthania his wife, one hundred and twelve pounds, fifteen shillings and three farthings; to John Newland and Celia his wife, one hundred and twelve pounds, fifteen shillings and three farthings; to Hugh Brown and Kezia his wife, one hundred and twelve pounds, fifteen shillings and three farthings; and to Fanny Hoy, one hundred and twelve pounds, fifteen shillings and three farthings.
Before we proceed further, it may be proper to premise, that both the commissioners and court appear to have treated the rights of the complainants in'the light of heirs and distributees of Wm. Hoy, deceased; and have not made their claim to relief rest up'»n tiie will of their ancestor. It was in that point of view alone, that the commissioners could have deducted from the aggregate amount of charges against the executors, the one third of the personal estate for the widow of Hoy, (there being nothing in the record going to shew that she has renounced the provisions made for her by the will,) and it must have been upon the same principle that the report of the commissioners in that respect was approved by the court.
Extract or’ Boy’s will,
Construction given the will, as to his estata not exP^essly
Wc have looked into the will of Hoy, and although it must be admitted to be somewhat ambigúous, we are inclined to the opinion that, as respects the personal estate of Hoy, it contains no disposition except to his widow. The only provisions of the will which have a bearing upon the personal estate, or about which any doubt can arise, are the following, viz:
££ I give and bequeath unto my well beloved wife Sarah, the land and plantation I now live on, during her life — I also lend unto her my other lands and plantation over the branch adjoining to James Hendricks, David Crews, and Absalom Crooks, during her widowhood; I also give her two negroes, to-wit; York and Dalbert, the issue of Dol; my will and desire is, that it be equally divided at any time, by my executors, among my children, to be hereafter mentioned;- I also lend unto her, ail my stock of horses, cattle, sheep and hogs, during her widowhood, except two cqws and one horse, which Í give unto her during her life; I also lend.unto her, all my household and kitchen furniture, during her widowhood. I give and bequeath unto eight of my children, viz: Rowland, Jones, Docia, Kczia, William. Fanny, Celia, Thania, all my lands and negroes, with the increase of Dol and Sarah, to be. equally divided among them as they come of age, or marry. My will and desire is, that when those last children’s proportions are equivalent with what I have given to Betsy South, that she, come in for an equal share of the remaining part of my estate.”
The only ambiguity which arises, grows out of this latter clause, in relation to Betsy South. We think, however, that the expression, remaining part of my estate, therein employed, was designed by the testator to refer to the remaining part of his lands and negroes, which, in the previous clause, were devised to eight of his children, if there should be any part remaining after making their proportions equal to whaf had been given to Betsy South, The testator had advanced his daughter Betsy, and evidently intended, in providing for his other children, not to make their interest exceed-what had beer: given, and what he intended to give. *92 to Betsy, anti employed those expressions in relation to her, to limit the bequest which he made to then>. It was not intended by those expressions, we apprehend, to enlarge the import of the devise to these other children, or to give Betsy an interest in any part of his estate which was not given to them. His lands and negroes, the testator designed to give to his other children, unless the value thereof exceeded the amount of what had been given to Betsy, but if they should exceed that amount, then he intended that for the remaining part, above what had been received by Betsy, she should come in for an equal share with the other children.
tivicTow is, unfit lud to her dn'Uibvtii:. 'hare in the «hnUels of 'vi.Mfh ]>oi* husband dies ■i-itcslalc, and ■liso h> hov hsgaoios u:idor the
Thus understanding the import of Hoy’s will, wo can have no hesitation in saying, that the only right which the complainants have to an interest in the personal property, must be in their character of heirs and distributees. Except the interest bequeathed to the wife of the testator, no part of the testator’s personal estate is disposed of by his will, and, of course, the undisposed of surplus must have passed to the heirs and distributees, under the same rules and regulations as if there had been no will. V/e do not intend by the expressions, personal estate, to bo understood to include slaves. The slaves of the testator are expressly mentioned ni the will, arid in their character of devisees, and not as heirs and distributees, the right of the complain ants to recover any fciyng for them, can alone be sustained.
If in the preceding remarks wo are correct, it necessarily follows, that (ho commissioners and, court were correct in excluding from the complainants’ demand, one third of the amount of the persona! property of Hoy, undisposed of by the will. For although the widow iloy may have received the persona! property bequeathed her by the will, she has an undoubted right to one third of the surplus not disposed of by the will after the testator^ debts are paid. As to that surplus, the testator must be considered as having died intestate, and whenever that is the case, one third of the persona! property is expressly directed by the statute of this, «tuntry, to go to, the wife.
Advancements in slaves shall not he brought into hotchpot with the other chattels— There is for each a separate hotchpot.
Executor is entitled absolutely to his wife’s distributive share in her father’s chattels, and’ his heirs in accounting to the other distributees, shall deduct and retain her share though she yet live.
Share of a child in chattels & slaves, under liis father’s willjfc' the statute of distributions, dying unmarried and intestate, ■passes to his mother, brothers and sisters. See Pinkard &c. vs. Smith &c. Selected Cases, oM, &C.
Buh't does not follow, as the court below appears to have thought, that the claim of the complainants ought not to be diminished in consequence of Betsy South, the wife- of John South, being one of the children of lioy. If, in the lifetime of her father, Hoy, she liad received of him any of his personal property in advancement, it would no doubt be incumbent upon her, or any other person claiming through her, to bring into hotchpot the property so received, before they would be entitled to any part of the personal estate, undisposed of by the testator’s will. But it does not appear from the record in the present case, that any personal property was received by her or her husband from the testator in his lifetime. The only property advanced to them was slaves, and the doctrine is settled that advancements in property of that sort, need not be brought into hotchpot, to entitle the person who may have received the advancement to a distributive share of the goods and chattels. Sec 2, Littell R. 348.
As one of the children of Hoy, Betsy South was, therefore, entitled to an equal interest with his other children in the personal estate,-not disposed of by his will, and, of course, as executor, her husband, John South, was not bound to account to any person for the amount of that interest. So that in pronouncing a decree against the heirs of John South, the court below should have deducted from the complainant’s demand, whatever that interest might be ascertained to be.
That court was also incorrect in not making a deduction in favor of the heirs of South, for a part of the .interest in the slaves and personal property of the testator Hoy, which Rowland Hoy became entitled to, as one of the children of the testator. After the death of the testator, Rowland Hoy departed this life intestate, and by operation of law, the interest which he, as one of the children of the testator, became entitled to in the slaves and personal property of the testator, was cast upon his mother, brothers and sisters, equally, of whom Betsy South, the wife of John South, was one.
As the husband of Betsy South, John South bcparae therefore, entitled to retain in his hands her *94 interest in the slaves and personal property of Rowland Hoy, and of course, in decreeing against South’s heirs the amount of that interest, (it being’ the one ninth of (iie slaves and personal property to which Rowland was entitled as one of the children of his father,) should have been deducted from the amount of the demand claimed by the complainants.
Or, the si'tc rs being ir.arrrod io their husbands, as the original shares.
How goods dovised to widow for life shall be accounted for.
Interest may bo charged executor on the personal estate dovised to the widow daring her widowhood, from tile dato of ti¡e marriage-
Covenants lor land,broken hi cevenantee’s lifetime, go to the executor, where broken after his death, to the heir— in this case, though the executor have the custody of the covenants, ho is not accountable to distributees for failing to prosecute suits.
*94 The heirs of South should also have had a deduction for another ninth of the slaves and personal property of Rowland Hoy, it being the interest in that property to which his mother, as one of his heirs, is entitled, and to which she has not, as complainant or otherwise, asserted any claim against the heirs of South.
After making the foregoing deductions, the residue, 789i 5s 6if. should be decreed to the complainants, when graduated according to the proportions ascertained in the decree.
Wo have said the residue should be decreed to the complainants, but that we have said upon the hypothesis that, in other respects,no error was committed prejudicial to the heirs of South. Rut in adverting to the report of the commissioners, we perceive that the executors of Hoy have been charged with ail the personal estate which belonged to Hoy at his death. In that, however, the report is evidently incorrect. The will of Hoy gave to ids wife a life estate in two cows and one horse, for which, as she is still living, the complainants unquestionably have no legal Claim.
The report of the commissioners is also incorrect, in charging the executors with interest upon the personal estate given to Mrs Hoy. during her widowhood, from the end of one year after the sale purports to have been made, instead of making the. interest run in favour of the complainants from the-time of her marriage. With the exceptions already noticed, we have discovered no inaccuracy in the report of the commissioners, as sanctioned by the court in its decree.
We do not admit, as was contended on the part of the complainants, that any liability is shewn against the executors on account of the bonds for land. *95 which they are charged with having held in their possession, without exercising proper diligence by suit. Those bonds arc not only reported by the commissioners to have been presented by one of the complainants acting as the agent of others, but it is moreover said, that no breach of them appears to have occurred in the lifetime of Hoy. Under these circumstances, it would be displaying an unwarrantable degree of rigour, to subject the executors to liability for those bonds: It would be imposing upon the executors a liability for not doing that which, in their fiduciary capacity, could not legally he done. If there were no breach of the condition of those bonds until after the death of Hoy, his executors had no right of suit. For a subsequent breach, the heirs of Hoy only could maintain an action.
Executors are not accountable to distributees for the acts or receipts of eaoli other, as to the under i~ se.d surplus, either at common law or on their statutary bond.
But,—
For legacies, executors are all accountable for each, on their joint bond, under the státut e.
There is one other objection to the decree taken by the complainants, which it is proper we should notice. The decreo is for the heirs of the executor, South, to pay the complainants, and it is contended, that Tunatali also should have been made liable. As respects so much of the complainant’s demand as relates to the personal estate not disposed of by the will of Hoy, there is no reasonable pretext for a decree against Tanstal!. He, it is true, is one of the executors named in the will of Hoy, but the business of the estate was managed exclusively by South, without the co-operation or control of Tunstai!. It must, therefore, have been the acts of South, and his acts only, that created the liability, and according to well settled principles at common law, the complainants must look to South or his representatives for indemnity, and not to the executor Tunstall. But with respect to the property to which the complainants are entitled by the will of Hoy, we apprehend tiie case is different. At common law, the principle was the same, whether the property received by an executor was disposed of by the will, or consisted of surplus not disposed of by the teplator. In neither case was an executor liable for the acts of a co-executor in relation to property over which he exercised no control. But executors are now required to execute bond with *96 security, for & faithful discharge of their executorial functions, and according to the import of that bond, if executed jointly by two executors, each is liabie in a suit founded upon it for the acts of the other coming within its condition. The bond does not, however, impose any obligation upon the executors to pay the distributive surplus of property not disposed of by the will of the testator, and as to that, the liability of executors must continue as at common law. But the bond imposes an obligation for the payment of the legacies mentioned in the will; and as to such legacies, each executor named in the will, and bound in the bond, are jointly liable an an action on the bond. For so much of the complainant’s demand, therefore, as they may shew themselves entitled to through the will of Hoy, the decree should be against the heirs of South and Tunstall jointly; but for the residue of their demand, arising from the personal property not disposed of by the will, the decree should be against the heirs of South only, and not against Tunstall.*
Decrees alor demands against their ancestor, dientered°fo be made of the assets denoSiwlt
Caperton for plaintiff; Talbot and Ilaggin for defendants.
With respect to the question made by the heirs of South, as to the proper parties, we would barely remark, that no irregularity in that respect is perceived. All necessary parties were made and regularly brought before the court.
The decree must, however, be reversed with cost, (¡ie cause remanded to the court below, and after the errors to which we have referred are corrected, a decree must be there entered in conformity to Hiis opinion. But in entering the decree, the amount which shall be ascertained to becoming from the heirs of South, should be directed to be made out of the estate of their ancestor to them descended, otherwise. -

 Moore &c. vs. Walter’s heirs. 1 Marshall. 488.